IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:11-234-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Gaylon Preston Kyzer | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant was charged in a single-count indictment with threatening to assault and murder Congressman Joe Wilson, a member of the United States House of Representatives, in violation of 18 U.S.C. § 115(a)(1)(B). An evaluation of competence and criminal responsibility was ordered. Evaluators at FMC–Butner concluded that Defendant was competent to proceed. They found, however, that at the time of the commission of the charged acts, Defendant had symptoms of a severe mental disease and/or defect which precluded his ability to appreciate the nature, quality and/or wrongfulness of his actions. At the conclusion of a bench trial held August 2, 2011, this court found Defendant not guilty only by reason of insanity, pursuant to 18 U.S.C. § 4242(b)(3).

Based on this finding, Defendant was committed to the Federal Bureau of Prisons for psychiatric and/or psychological treatment and evaluation, pursuant to 18 U.S.C. § 4243(a). Pursuant to 18 U.S.C. §§ 4243(b) and (d), it was ordered that the forensic evaluation staff at the designated facility conduct a psychiatric or psychological examination of Defendant to determine whether or not his release would create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect.

By report of November 14, 2011, the examiners found that Defendant's release would not pose a substantial risk of bodily injury to another person or serious damage to the property of

1

another due to a mental disease or defect. Thereafter, Defendant was returned to court for a hearing under 18 U.S.C. § 4243(c).

A hearing was held on Thursday, December 8, 2011. Defendant was present, represented by counsel. Because Defendant is deaf, the proceedings were interpreted by a certified American sign language interpreter. Examining personnel from FMC–Butner testified by video conference.

Dr. Sarah Ralston, Staff Psychiatrist, FMC–Butner, testified that Defendant suffers from mental illnesses (somatoform disorder and major depression), however, a direct link between these illnesses and future violence is not evident. Defendant also suffers from a personality disorder, the characteristics of which produce a risk factor for future violence, but which does not rise to the level of a mental disease or defect. Accordingly, Dr. Ralston concluded that while the possibility of future violence cannot be refuted, the risk is not most closely related to a mental illness but to Defendant's maladaptive traits.

Defendant must show, by clear and convincing evidence, that his release will not create a substantial risk of bodily injury to another person or serious damage to the property of another due to a present mental disease or defect. That is the conclusion of Dr. Ralston and the Risk Assessment Team at FMC–Butner. The Government has presented no evidence to the contrary. While no witness was able to rule out the possibility of future violence, because that possibility is tied to maladaptive behaviors rather than a present mental disease or defect, the Government concedes that it cannot serve as a basis for finding that Defendant has failed to meet his burden of proof under 18 U.S.C. § 4243(d).

The victim in this case, United States Congressman Joe Wilson, through his staffer Mr. Walker, advised the Government that Congressman Wilson and his staff are very familiar with Defendant, that they do not feel any threat from him, and that the Congressman does not oppose Defendant's release.

Where a defendant meets his burden of proof that his release will not create a substantial risk of bodily injury to another person or serious damage to the property of another due to a present mental disease or defect, the court must order the release of the defendant. Although the court has no authority to order Defendant to undergo mental health treatment, the court notes that Defendant has regularly received such treatment in the past, and intends to live with his wife and family who have consistently sought to assure he is provided needed treatment and medications. Such support plays a vital role in decreasing the risk of future violence. In addition, the court notes that Defendant has signed an authorization giving the United States Capitol Police and the South Carolina Law Enforcement Division access to his past and future medical and psychiatric records, and to the two Butner reports. He has agreed that his treating psychiatrist shall have access to the Butner reports, and that he will cooperate and take all prescribed medications under his wife's supervision.

Accordingly, it is hereby ordered that Defendant is discharged.

**IT IS SO ORDERED.**

 s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 8, 2011